UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUCINDA PORTER,
Plaintiff,
v.
APPLE, INC.,
Defendant.

Case No. 25-cv-07836-JSW

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING MOTION TO STAY PENDING SETTLEMENT PROCEEDINGS**

Re: Dkt. Nos. 25, 29

Now before the Court is the motion to dismiss the first amended complaint filed by defendant Apple, Inc. ("Apple"). Also before the Court is Plaintiff's motion to stay this matter pending requested settlement proceedings. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and HEREBY GRANTS Defendant's motion to dismiss and DENIES Plaintiff's motion to stay.

**BACKGROUND**

Plaintiff brings this lawsuit after opting out of the class action settlement in *Lopez v. Apple. Inc.*, 19-cv-04577-JSW. Plaintiff claims that Apple's Siri function recorded private conversations from her home without Plaintiff's consent or instruction through inadvertent activations. Apple moves to dismiss on the basis that Plaintiff has failed to allege a concrete and particularized injury and therefore lacks Article III standing. Apple also contends that Plaintiff has not met the heightened pleading standards for her fraud claims under Federal Rule of Civil Procedure 9(b).

For specific causes of action, Apple contends that the first amended complaint lacks allegations of either actionable misrepresentations relied upon and no damage or economic injury.

Plaintiff also moves to stay this action pending settlement proceedings, which she requests on an expedited basis.

## ANALYSIS

### A. Motion to Dismiss Legal Standards.

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint "may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (holding that mere "labels and conclusions" or "formulaic recitation of the elements of a cause of action" will not suffice to overcome a motion to dismiss. A complaint must contain sufficient factual matter that, accepted as true, states a "claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth. *Id.* at 679.

### B. Standing.

In order to demonstrate Article III standing, a plaintiff must establish an injury that is "concrete and particularized" and "actual, or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). In the privacy context, a plaintiff must identify the "embarrassing, invasive, or otherwise private information collected" that is "remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law." *Popa v. Microsoft Corp.*, 153 F.4th 786, 791 (9th Cir. 2025). Apple contends that Plaintiff has not met this requirement by merely alleging that she experienced unintentional Siri activations when she was speaking to family or guests while in her home.

Although she alleges that the conversations happened inside her home, Plaintiff fails to allege that they contained embarrassing, invasive, or otherwise very private information sufficient to support her claims. Although the Court does not require verbatim transcripts of the alleged private conversations, the facts as currently pled do not rise to the level of specificity required to

United States District Court
Northern District of California

warrant privacy protections. Accordingly, the Court GRANTS the motion to dismiss for failure to state a claim based on the very limited factual allegations of the conversations. The Court allows leave to amend to allege sufficient factual premise indicating the conversations contained embarrassing, invasive, or otherwise private information.

Apple also moves to dismiss for failure to establish Article III standing on the basis that Plaintiff fails to allege facts showing that she was deprived of the benefit of her purchase. Plaintiff merely alleges in conclusory fashion that she would not have purchased, or would have paid less for, her devices had she known about the alleged "false acceptances." (First Amended Complaint ("FAC") at 5.) Plaintiff fails to allege specific facts indicating which Apple devices she purchased and when, as well as any specific details about the representations allegedly made by Apple that she relied upon when making her purchases. Without some more specific factual premise, Plaintiff lacks standing to prove that she was deprived of the benefit of the bargain. Accordingly, the Court GRANTS the motion to dismiss for failure to state a claim based on the very limited factual allegations of the benefit of the bargain. The Court allows leave to amend to allege sufficient factual premise indicating the details of Plaintiff's purchases of the various Apple products as well as the representations or omissions that she specifically relied upon in the assessment of the value of her purchases.

**C. First Cause of Action for Violation of California Invasion of Privacy Act.**

Apple moves to dismiss individual causes of action for failure to state claims upon which relief can be granted. Apple moves to dismiss the first cause of action under Section 632 of California Invasion of Privacy Act ("CIPA") which prohibits the use of a device to record confidential communications "intentionally and without the consent of all parties." Cal. Penal Code § 632. CIPA defines "confidential communication" to be "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto." *Id.* at § 632(c). It does not include any communications made in a "circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." *Id.* A plaintiff must "allege facts that would lead to the plausible inference that [the communication was] a confidential communication." *Faulkner*

*v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1020 (9th Cir. 2013).

Here, again, Plaintiff's factual allegations come up short. Plaintiff asserts only that the communications allegedly recorded by Apple were confidential based on the fact that the conversations occurred inside her home, while "speaking with family or guests." (FAC at 4.) In *In re Google Assistant Privacy Litigation*, the Court dismissed claims under Section 632 because the allegations in the complaint contained "insufficient detail regarding the particular circumstances under which Plaintiffs used they [voice assistant enabled devices]." 457 F. Supp. 3d 797, 817 (N.D. Cal. 2020). The Court explained that allegations which merely label communications confidential without facts "regarding the participants in the conversations … or examples of content from the conversations," provide "insufficient detail regarding the particular circumstances under which Plaintiff used their [devices]" and are inadequate to state a claim. *Id.*

Similarly, Plaintiff here alleges merely that she had conversations at home with family or guests, but does not allege that any observed inadvertent Siri activation occurred during a private conversation. She does not allege the content or participants in any particular communication or state if there were others present for any communication. Plaintiff's generalized assertions that the communications were confidential without any particularity as to the participants or content of any particular communication are insufficient to state a claim under Section 632. Accordingly, the Court GRANTS the motion to dismiss the first cause of action under CIPA for failure to state a claim based on the very limited factual allegations of content, character, or circumstances of the alleged confidential communications. The Court allows leave to amend to allege a sufficient factual premise indicating the details of Plaintiff's conversations in order to demonstrate that they should be deemed confidential.[1]

[1] Apple also argues that because Plaintiff alleges that the recordings were based on "false acceptances," they are not intentional and cannot therefore qualify for a claim under Section 632 which requires intent to record a confidential communication. *See, e.g., People v. Superior Court of Los Angeles County*, 70 Cal.2d 123 133 (1969) ("[I]t is not the purpose of the statute to punish a person who intends to make a recording but only a person who intends to make a recording of a confidential communication"). Plaintiff opposes on the basis that while the initial trigger of the recording might have been accidental, Apple knows about the false triggers and "yet *intentionally designed* the system to capture, transmit, and analyze this "accidental" audio to improve its software." (Opp. Br. at 4.) It is sufficient to meet the intent requirement of the statute to allege that Apple's software picks up false triggers and that used the data and failed to rectify the defect.

**D. Second and Third Causes of Action for Violation of Consumer Protection Statutes.**

Apple also moves to dismiss Plaintiff's causes of action for violation of the California Unfair Competition Law ("UCL") and the Consumers Legal Remedies Act ("CLRA"). Both causes of action are grounded in fraud and concern misleading representations in advertising, premised upon Apple's allegedly "deceptive" marketing and privacy disclosures regarding Siri. Because the causes of action sound in fraud, they must be pled to satisfy Federal Rule of Civil Procedure 9(b)'s requirement of heightened particularity. Also, in order to state a claim that rises to fraudulent conduct, Plaintiff must allege that she viewed and relied upon Apple's alleged misrepresentations before she purchased the affected devices. *See Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1083 (N.D. Cal. 2022).

Plaintiff fails to allege any specific facts about her purchase history of the affected Apple devices nor does she indicate what representations from Apple she relied upon when purchasing their products. She does not allege where Apple made any particular representations, the content of the representations, or that she saw or relied upon them when making her purchases. She does not designate which terms of service or privacy disclosure or other representations she relied upon. In order to satisfy the heightened burden of fraud claims, Plaintiff needs to plead the specific content of the alleged misrepresentations and her reliance upon them. *See, e.g., In re Google, Inc. Privacy Litig.*, 58 F. Supp. 3d 968, 982-83 (N.D. Cal. 2014) (dismissing CLRA claim where plaintiff had failed to allege that he was exposed to or relied upon Google's privacy policy prior to purchase). To the extent Plaintiff intends to plead that it was omissions, in order to "plead circumstances of omission with specificity, plaintiff must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that plaintiff relied on to make her purchase and that failed to include the allegedly omitted information." *Nabors v. Google, Inc.*, 2011 WL 3861893, at *5 (N.D. Cal. Aug, 30, 2011) (quoting *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009)). Accordingly, the Court GRANTS the motion

---

*See In re Google Assistant Privacy Litigation*, 457 F. Supp. 3d 827-28.

United States District Court
Northern District of California

to dismiss the second and third causes of action under UCL and CLRA for failure to state a claim based on the very limited factual allegations of content, character, or timing of the alleged reliance upon factual misrepresentations or omissions made by Apple. The Court allows leave to amend to allege a sufficient factual premise indicating the details of the alleged misrepresentations and Plaintiff's reliance on them.[2]

**E. Plaintiff's Motion to Refer Case to Settlement and to Stay.**

In a separate motion, Plaintiff seeks to have this case referred to a settlement conference and stayed. Plaintiff requests that the Court invoke its broad authority to manage its docket by referring the matter for resolution by ADR and stay the case pending settlement. Plaintiff invokes the settlement of the *Lopez* class to argue that her claims have inherent merit and deserve the attention of a settlement referral. First, the *Lopez* settlement cannot be used to establish the merit of Plaintiff's claims. Apple did not admit fault and the settlement cannot be used as evidence of liability. *See, e.g., Diamond Resorts U.S. Collection Dev., LLC v. Pandora Mktg., LLC*, 2023 WL 9659943, at *13 (C.D. Cal. July 26, 2023) (holding that a party cannot present evidence of a settlement under Federal Rule of Evidence 408 "to the extent they intend to offer the evidence to prove the validity or legitimacy of the disputed claims in various cases"). Federal Rule of Evidence 408 clearly disallows Plaintiff from relying upon the existence of a settlement to support her claims. Second, the Court does not find the case ripe for settlement. By this order, the Court dismisses Plaintiff's claims with leave to amend. Therefore the pleadings are not yet final. Accordingly, the Court DENIES Plaintiff's motion for a settlement referral and stay of the action. Instead, the Court sets the date upon which an amended complaint must be filed for September 11, 2026. After the pleadings are finalized, should the case continue, the Court will set a case management conference date at which point the parties may discuss settlement options, including

///

///

[2] Apple also moves to dismiss Plaintiff's fourth cause of action for declaratory relief on the premise that her other causes of action fail and there is no premise upon which to grant declaratory relief. The Court finds that this cause of action indeed relies upon the substantive claims and is similarly dismissed with leave to amend.

a possible referral to a Magistrate Judge to conduct an early settlement conference.

**IT IS SO ORDERED.**

Dated: July 31, 2026

JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California